# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CINDY BIRKLAND,

    Plaintiff,

v.

SILVER STATE FINANCIAL SERVICES, INC. , et al.,

    Defendants.

Case No. 2:10-CV-00035-KJD-LRL

**ORDER**

Currently before the Court is Defendant Countrywide Home Loans, Inc. ("CHL"), ReconTrust Company ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") ("referred to collectively herein as "Defendants") Motion to Dismiss (#8).[1] Plaintiff filed a Response in Opposition (#14), to which Defendants filed a Reply (#17).

**I. Background**

Plaintiff Cindy Birkland ("Birkland") executed promissory notes and deeds of trust for property located at 7460 Mulgrave Court, Las Vegas, Nevada 891113, in November, 2005. Specifically, in order to complete the purchase of said property, Plaintiff took out two mortgages

---

[1] Defendant Silver State Financial Services, Inc. is no longer solvent and has stopped doing business. (See #1 at ¶ 7.)

from Silver State Financial in the amounts of $264,000 and $66,000 respectively, and secured the loans with two deeds of trust naming Silver State Financial Services ("Silver State") as lender, Fidelity National Title as trustee, and MERS as beneficiary and nominee for lender.[2] (Complaint at 4.)  CHL took over servicing of the loans shortly after their origination. (#8 at 2.)

It is undisputed that Plaintiff stopped making regular payments on her loans in June, 2008. As a result, a Notice of Default and Election to Sell was recorded on December 9, 2008.  ReconTrust was substituted as trustee on December 11, 2008, and when Plaintiff failed to cure her deficiency, Notices of Trustee Sale were recorded on May 26, 2009 and December 17, 2009, respectively.  To date, although Plaintiff has not tendered the amounts necessary to cure her deficiency, no foreclosure sale has occurred.

Plaintiff filed her Complaint in state court on December 16, 2009, alleging five causes of action for (1) quiet title; (2) lack of standing of trustee; (3) breach of contract; (4) fraud; and (5) lack of standing for foreclosure.  Defendants removed the action to federal court on January 11, 2010, claiming federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants subsequently filed the current Motion to Dismiss, averring that Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Specifically, Defendants aver that Plaintiff cannot sue for quiet title because she admits that she encumbered the property and has not made her required mortgage payments.  Additionally, Defendants aver that they have standing to initiate foreclosure proceedings as said right is clearly disclosed in the Deed of Trust, and that Plaintiff has

---

[2] Defendants have sought that the Court take judicial notice of several documents, which they aver "are either on file in the Clark County Recorder's Office or incorporated by reference in Plaintiff's Complaint. (See #9 at 1.)  Nevada law allows a court to take judicial notice of facts that are (a) generally known within the territorial jurisdiction of the trial court; or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute.  Additionally, a court may take judicial notice of documents that are incorporated by reference into, although not attached to, a complaint, if: (1) the complaint refers to the document, (2) it is central to the plaintiff's claims, and (3) the authenticity of the document is not disputed.  See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  Here, Plaintiff has not disputed the authenticity of the documents, however not all of the documents of which Defendants seek judicial notice, are readily verifiable or satisfactorily incorporated into the Complaint.  Accordingly, the Court takes judicial notice of the Deeds of Trust (Exhibits A and C), the Clark County Recorder's Office Property Records (Exhibit E), the Grant, Bargain Sale Deed (Exhibit F), the TILA Disclosure Statement (Exhibit G), and the collection of recent court orders (Exhibit H). (See #9).

2

failed to identify any term of the promissory notes or deeds of trust that were breached.  Defendants additionally aver that Plaintiff's fraud claims are not pled with sufficient particularity as required by Rule 9(b).

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

3

### III. Analysis

Plaintiff avers, in her Complaint and Opposition, that the securitization conversion of her mortgage cannot be given effect without her prior consent, and that the "securitization of the mortgage constitutes a conversion of the asset rendering it null, void and unenforceable." (#14 at 4.) Plaintiff bases each of her claims upon this argument, claiming that the securitization—or placement of her note/loan on the secondary market—makes it impossible to identify which parties have purchased an interest in the note, and thus, that the deed of trust "is split from the note and is unenforceable." (#14 at 9.) Plaintiff is incorrect.

#### A. Quiet Title

As stated above, Defendants argue that Plaintiff cannot sue for quiet title because she admits that she encumbered the property, has not made her required mortgage payments, and thus does not come to the Court with clean hands.

"A quiet title action requests a judicial determination of all adverse claims to disputed property." 65 Am. Jur 2d. Quieting Title and Determination of Adverse Claims § 1.  In Nevada, [a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." NRS § 40.010.  The burden of proof in a quiet title action, rests with the plaintiff to prove good title in himself.  See Breliant v. Preferred Equities Corp., 918 P.2d 314, 318  (Nev. 1996).  Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 692 P.2d 1301, 1304 (Nev. 1985).

Here, Plaintiff has failed to overcome this presumption.  The Court has taken judicial notice of the deeds of trust which describe MERS' role as nominee for the originating lender (Silver State) and its successors and assigns, and ReconTrust's role as substitute trustee.  Moreover, Plaintiff admits that she secured loans with deeds of trust in favor of Silver State, and fails to allege that she paid off said loan.  A quiet title action is only necessary if a dispute exists between two or more

parties over the rights to, or ownership of property. Plaintiff however, does not, and cannot assert that more than one entity claims the right to foreclose on the deeds of trust. Therefore, Plaintiff's claim for quiet title fails.

### B. Lack of Standing of Trustee

Plaintiff's lack of standing claim is also infected by her faulty securitization argument. She alleges that the securitization of her note/mortgage created a new trustee, and that ReconTrust had no right to issue a default. (#14 at 9.) This argument also fails. Nevada law articulates the procedures by which a trustee may initiate nonjudicial foreclosure proceedings. See NRS §§ 107.80(2)(b); (4). This Court has previously held, in numerous decisions, that an allegation that the trustee does not have the original note is insufficient to render foreclosure proceedings invalid. See e.g., Gomez v. Countrywide Bank, FSB., 2009 WL 3617650 (D. Nev. Oct. 26, 2009), Estenberg v. Mortgage Investors Group, 2009 WL 160241 (D. Nev. Jan. 22, 2009). Specifically, this Court has stated that "[o]ftentimes, the argument the mortgagor/trustor makes is not clear. But one thing is clear: so long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is simply no defect in foreclosure, at least in states such as Nevada where a trustee may foreclose non-judicially." Gomez, at *3. Under this same reasoning, Plaintiff's securitization argument fails. The entrance of Plaintiff's note/mortgage into the secondary market did not create a "new trustee" as she suggests. Rather, the deeds of trust clearly designate that MERS is a nominee for the Lender. (#9 Ex. A.) This Court held in Gomez, that MERS, as a nominee on a deed of trust, is "granted authority as an agent to act on behalf of the nominator (holder of the promissory note) as to the administration of the deed of trust, which would clearly include substitution of trustees. (Gomez at 3). MERS filed its Notice of Default with the County Recorder on December 9, 2010. (#9 Ex. E Instrument No. 200812090004144.) Subsequently, MERS substituted ReconTrust as the trustee on December 11, 2008. (Id, Instrument No. 200812110000932.) Accordingly, ReconTrust, as the substituted trustee, had the right to initiate foreclosure proceedings.

Plaintiff has admitted that she failed to make her mortgage payments, therefore, Defendants were entitled to initiate non-judicial foreclosure proceedings under the terms of the deeds of trust that Plaintiff endorsed. Additionally, while Plaintiff avers that interest in the note is essentially undeterminable, as it was split, sold, and traded upon securitization, there is no claim or indication in the present case that any "other" alleged current holder of the note challenges Defendants' initiation of foreclosure proceedings.[3]

### C. Breach of contract

To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages. See Calloway v. City of Reno, 993 P.2d 1259, 1263 (2000).

Here, Defendants have sought to disclaim Plaintiff's Breach of Contract allegations by asking the Court to take judicial notice of the information contained in the promissory notes. (See *supra* n.2.) Such documents however, are not subject to judicial notice. The existence of said notes, and the amount of each loan, however, are admitted in Plaintiff's Complaint and other filings and documented appropriately in the judicially noticed deeds of trust.

Plaintiff alleges that Defendants breached the deeds of trust when the mortgage/note was securitized without her consent. Specifically, Plaintiff avers that said securitization unilaterally modified the deeds of trust and "impose[d] improper restrictions on the mortgager." (Compl. ¶¶ 41–43.) Plaintiff states that, "the Court need only rule that the securitization conversion of the mortgage cannot be given effect without prior consent of the mortgagor." (#14 at 4.) Plaintiff is mistaken. Under Nevada law a promissory note is a negotiable instrument, NRS §104.3104, which is

---

[3] The Complaint specifically avers that "Plaintiff is unable to ascertan with certainty that (sic) the real party of interest is on her note, or which parties have purchased an interest in the note through credit default swaps, collateralized debt collections, or credit enhancement policies," and that the "deed of trust is split from the note and is unenforceable" (Complaint at ¶¶ 17–18.) Plaintiff additionally states that MERS has no legal or equitable right or claim in the property at issue, because the "obligation has been extinguished . . . or has been split from the Deed of Trust." (Id. at ¶ 24.)

6

subject to legal transfer, by the holder or its trustee pursuant to NRS § 104.3203, to another party who may become a holder in due course pursuant to NRS § 104. 3302, taking free of all except enumerated defenses, (see NRS § 104.3305) none of which are applicable in this case.  As explained above, the deeds of trust here indicate Plaintiff signed promissory notes on April 25, 2005, designating Silver State Financial as the lender, and MERS as the nominee.  Accordingly, Plaintiff, made unconditional promises which are negotiable instruments subject to legal transfer without her consent.

Moreover, Plaintiff admits that she defaulted on her loan by ceasing to make payments. Thus, she may not assert a breach of contract claim against Defendants.  Accordingly, and for the reasons stated herein, Plaintiff's breach of contact claim fails as a matter of law.[4]

**D. Fraud**

Plaintiff concedes that her Complaint fails to state a claim for fraud with sufficient particularity under Rule 9(b).  Plaintiff thus concedes that her fourth cause of action for fraud should be dismissed, and seeks leave to amend her Complaint in order to correct this deficiency. Accordingly, Plaintiff's fraud claim is dismissed, without prejudice.

**E. Lack of Standing for Foreclosure**

As explained above, by signing the deeds of trust designating MERS as nominee for the lender and beneficiary, Plaintiff designated MERS as nominee, beneficiary, and a proper party to administer the deed of trust.  As this Court has previously held,  Nevada law explicitly grants the power to commence foreclosure proceedings to "the beneficiary, the successor in interest of the beneficiary or the trustee."  Ramos v. Mortgage Elec. Registration Sys., Inc., No. 2:08-cv-1089-ECR-RJJ; NRS § 107.080(b).  Here, the deed of trust names MERS "the beneficiary under this Security Instrument." (#9 Ex. A at 1.)  Moreover, the deed of trust states: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but,

---

[4] Additionally, Plaintiff has failed to demonstrate or even to allege the existence of any contract between Plaintiff and CHL.

7

if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." (Id. at 3.) Thus, under the deed of trust, MERS was empowered to initiate foreclose proceedings on the property and/or to appoint ReconTrust as substitute trustee for purpose of conducting the foreclosure. Accordingly, Plaintiff's arguments to the contrary fail.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Countrywide Home Loans, Inc., ReconTrust Company, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (#8) is **GRANTED**.

DATED this 25th day of August 2010.

_____
Kent J. Dawson
United States District Judge