# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CINDY BIRKLAND,

     Plaintiff,

v.

SILVER STATE FINANCIAL
SERVICES, et al.,

     Defendants.

Case No. 2:10-CV-0035-KJD-LRL

**ORDER**

Currently before the Court is Plaintiff's Motion to Vacate Judgment (#34). Defendants Countrywide Home Loans, Inc., Recontrust Company, and Mortgage Electronic Registration Systems, Inc. (referred to collectively as "Defendants") filed a Response in Opposition (#35). No Reply was filed.

**I. Standard of Law**

Where a ruling has resulted in a final judgment or order, a motion for reconsideration may be construed by the Court either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). School Dist. No. IJ Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied 512 U.S. 1236 (1994).

Reconsideration under Fed. R. Civ. P. 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has stated that Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for

1  reconsideration is properly denied when the movant fails to establish any reason justifying relief.

2  Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly

3  denied a motion for reconsideration in which the plaintiff presented no arguments that were not

4  already raised in his original motion)).  Motions for reconsideration are not "the proper vehicles for

5  rehashing old arguments,", and are not "intended to give an unhappy litigant one additional chance to

6  sway the judge."  See Momot v. Mastro Resolution Trust Corp. v. Holmes, 846 F. Supp. 1310, 1316

7  (S.D.Tex.1994) (footnotes omitted);  Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va.1977).[1]

8      Here, the Court finds that Plaintiff has failed to meet her burden under Rule 59.  Plaintiff has

9  failed to identify any relevant or newly discovered evidence, or to demonstrate that the Court's initial

10  ruling was manifestly unjust.  Plaintiff presents no evidence or allegation in support of her generic

11  claim that the Court's Judgment was "procured by fraud depriving the court of subject matter

12  jurisdiction." (#34 at 1.)  Additionally, the statements of the "Affidavit" attached to the Motion to

13  Vacate fail to satisfy Rule 59, and are repetitious of the arguments raised in her Complaint. (See #34

14  at 1–2.)  Additionally, Plaintiff has failed to show that there has been an intervening change in

15  controlling law.

16      Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment (#34),

17  is **DENIED**.

18      DATED this 17th day of February, 2011.

19

20  _____

21  Kent J. Dawson
    United States District Judge

22

23

24

25

26  [1]Plaintiff's Motion would likewise fail if deemed a Motion for Relief from Judgment under Rule 60.